IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Owen Harriot, | ) |
| | ) Cr. No. 3:99-341 |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| United States of America, | ) **ORDER AND OPINION** |
| | ) |
| Respondent. | ) |

Movant Michael Owen Harriot is a federal inmate currently housed at FCI-Estill in Estill, South Carolina. On August 18, 2017, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence.

I.     FACTS AND PROCEDURAL HISTORY

Movant was arrested on a federal complaint on July 26, 1999, and thereafter indicted. A superseding indictment was filed on August 18, 1999 and a second superseding indictment on September 22, 1999. A third superseding indictment was filed on July 19, 2000, charging Movant with conspiracy to possess with intent to distribute marijuana, cocaine, and cocaine base and distribution of marijuana, cocaine, and cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), § 846, and § 851 (Count 1); knowingly and intentionally using a person under 18 years of age for the purposes of distributing marijuana, cocaine, and cocaine base in violation of 21 U.S.C §§ 841(a)(1) and 861(a)(1) (Count 2); and being an alien in the United States after having been excluded, deported, and removed therefrom and not having the express consent of the Attorney General to reapply for admission to the United States in violation of 18 U.S.C. § 1326(a) (Count 3). On December 6, 1999, Movant pleaded guilty to Count 1 of the superseding indictment, but motioned the court to withdraw his guilty plea on March 21, 2000. On June 13, 2000, the

Honorable Dennis W. Shedd issued an Order allowing Movant to withdraw his guilty plea and proceed to trial. On July 27, 2000, the court granted Movant's motion for a mental evaluation. A competency hearing was held on November 13, 2000, wherein Movant was found competent to stand trial. On November 15, 2000, the government filed an Information with the court advising of its intention to seek the enhanced penalty under 21 U.S.C. § 841(b)(1)(A) due to Movant's prior conviction. ECF No. 143.

On November 27, 2000, a jury trial began before Judge Shedd. On December 1, 2000, Movant was found guilty on all three counts of the third superseding indictment. A special verdict was entered as to the amount of drugs involved in Count 1. The jury found Movant was responsible for the possession and distribution of at least 100 kilograms of marijuana, 5 kilograms or more of powder cocaine, and 50 grams or more of cocaine base. The jury further found that Movant had been convicted of a prior felony drug offense.

A presentence report was prepared by the United States Probation Office (USPO). Pursuant to U.S.S.G § 3D1.2(b), Counts One and Two were grouped into "Group One" and Count Three was designated "Group Two". Under Group One, the USPO attributed to Movant 803 kilograms of marijuana plus 4,422.60 grams of cocaine base, for a base offense level of 38. However, Movant's base offense level was increased based on the following factors: (1) possession of a dangerous weapon (+2 pts); (2) Movant's role as an organizer or leader of a criminal activity (+4 pts); (3) Movant used persons less than 18 years of age to distribute illegal narcotics (+2 pts); and (4) an attempted escape from custody while awaiting trial for the instant offense (+2 pts). Movant's adjusted offense level as to Group One became 48 and as to Group Two became 12. Movant's criminal history category was III. Movant's range under the United States Sentencing Guidelines was life imprisonment.

Movant appeared before the court for sentencing on April 30, 2001. The court addressed all of Movant's seventeen objections to the presentence report. Transcript of Sentencing Hearing, ECF No. 202, 1-72. The court conducted a proportionality analysis and noted the following factors for imposing a life sentence: (1) drug use is a persuasive destructive force in American society; (2) Movant was not merely a user or even a single distributer of drugs but was a major supplier of marijuana and of crack cocaine in Columbia, South Carolina; (3) Movant distributed over 803 kilograms of marijuana and at least 4,422 kilograms of crack cocaine; (4) a life sentence for a major drug violation is not disproportionate in comparison with other sentences under the Guidelines; and (5) a review of state statutes within this Circuit disclosed the existence of similarly severe sentences for narcotics violations of the magnitude involved here. ECF No. 202, 81-83. In light of those circumstances, the court sentenced Movant to life imprisonment on Count 1, 60 months on Count 2, and 24 months on Count 3, to run concurrently. Judgment was entered on May 1, 2001. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence on March 14, 2002. See United States v. Harriot, 37 F. App'x 601 (4th Cir. 2002).

The case was then assigned to the Honorable Matthew J. Perry, Jr. See 3:03-cv-03299-MJP, ECF No. 1. Movant filed a § 2255 motion on October 16, 2003, contending that he had received ineffective assistance of counsel in various respects. ECF No. 1. The government filed a response in opposition and a motion for summary judgment on April 13, 2004. ECF No. 12. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on April 29, 2004, Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No.15. Movant then filed numerous responses and supplemental materials. ECF No. 17, ECF No. 18. The court issued an order granting the government's motion for summary judgment and denying the § 2255 motion on September 19, 2005. ECF No. 40. Movant then filed

a motion for reconsideration pursuant to Fed. R. Civ. R. 59(e), which the court denied on May 19, 2006. ECF No. 51. Movant appealed to the Fourth Circuit and the appeal was dismissed on July 24, 2006. *Id*. at 52.

On October 28, 2011, the case was reassigned to the Honorable Sol Blatt, Jr. See 3:13-cv-02160-SB (Docket 3:13-cv-02160-SB has merged into 3:99-cr-00341-MBS). On August 9, 2013, Movant filed a second § 2255 motion. ECF No. 261. In response, the government filed a motion to dismiss on September 6, 2013. ECF No. 264. On April 23, 2014, the court granted the government's motion to dismiss because the § 2255 motion was successive and untimely. ECF No. 273. The court also denied a certificate of appealability. *Id*.

On April 28, 2016, Movant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and 782. ECF No. 283. On May 10, 2016, the case was reassigned to the undersigned. ECF No. 285. The court denied Movant's motion on June 28, 2016, noting that Amendments 706 and 782 do not have the effect of lowering Movant's guideline range. ECF No. 290. Movant then filed various pro se motions in 2016 and 2017, challenging his purportedly illegal sentence and seeking to be released to Immigration and Customs Enforcement for deportation based on President Donald J. Trump's Executive Order. ECF No. 293, 294. The court denied Movant's motions in a text order entered on May 17, 2017. ECF No. 295.

On August 18, 2017, Movant filed a third § 2255 motion. ECF No. 297. Movant contends that the court must review his § 2255 motions based on the holding of two Supreme Court cases: (1) Apprendi v. New Jersey, 530 U.S. 466 (2000), on facts that increase a "statutory maximum" sentence; and (2) Alleyne v. United States, 133 S. Ct. 2151 (2013), on facts that increase a

4

"mandatory minimum" sentence.[1] Movant claims his Apprendi claims were not heard on the merits by Judge Perry.[2] ECF No. 297 at 3. Movant further claims that "no DEA agent testified and no DEA lab report was ever provided." *Id*. at 14. Movant seeks an evidentiary hearing to resolve his Apprendi claim. *Id*. at 15.

On August 23, 2017, the government filed a motion to dismiss on the ground that the § 2255 motion should be construed as a "successive collateral review application" that the court does not have jurisdiction to review. ECF No. 300. On September 5, 2017, Movant filed a reply contending that he had no fair opportunity to raise a "mandatory minimum" claim based on Alleyne v. United States, 133 S. Ct. 2151 (2013), in his prior § 2255 motion. ECF No. 301 at 4. Movant further argues that Alleyne is an extension of Apprendi, which was not yet "ripe" at the time his first § 2255 motion was decided in 2005. ECF No. 301 at 10. Also on September 5, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond properly. ECF No. 302.

During September 2017 and January 2018, Movant filed numerous other filings and response motions including: (1) a motion for release of Brady[3] materials on December 27, 2017, ECF No. 315; (2) a motion to vacate convictions, motion for hearing, and motion to appoint competent counsel on January 19, 2018, ECF No. 321; and (3) a motion to vacate conviction on Count 2 on January 26, 2018, ECF No. 322; and (4) a motion to vacate on January 29, 2018, ECF

---

[1] Movant refers to Apprendi and Alleyne as pre-Apprendi on "statutory maximum" and post-Apprendi on "mandatory minimum" throughout his motions.
[2] Movant admits that he raised arguments based on the Apprendi "statutory maximum" in his first § 2255 motion, but claims they were not heard on the merits. ECF No. 297 at 3.
[3] Brady v. Maryland, 83 S. Ct. 1194 (1963).

No. 323. On February 5, 2018, Movant filed a document moving the court to deny the government's motion to dismiss and seeking an entry of default. ECF No. 324.

## II. DISCUSSION

The government contends, among other things, that Movant's § 2255 motion filed on August 18, 2017, should be dismissed as a successive motion for which Movant has not obtained authorization from the Fourth Circuit. The court agrees.

Pursuant to 28 U.S.C. § 2255(h),

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"Under the AEDPA, an individual may not file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." See In re Avery W. Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Here, there is no evidence Movant has obtain authorization from the Fourth Circuit. The court is without jurisdiction to consider Movant's current § 2255 motion. See United States v. Winestock, 340 F.3d 200, 205-07 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)).

Even if the court possessed jurisdiction, Movant would not prevail. The Supreme Court has not made Apprendi or Alleyne retroactive on collateral review. See United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (the rule announced in Apprendi does not apply retroactively on collateral review); see also Brockington v. United States, C/A No. 4:13-cv-02874-RBH, 2013 WL 5914255, at *3 (D.S.C. Oct. 31, 2003) (citing Simpson v. United States, 721 F.3d 875, 876 (7th

6

Cir. 2013) (holding that the constitutional rule announced in Alleyne was not made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi, which itself is not retroactive)). Movant is not entitled to relief based on Apprendi and Alleyne as these rules do not apply retroactively on collateral review.

## III. CONCLUSION

For the reasons stated, the government's motion to dismiss is granted. ECF No. 300. Movant's § 2255 motions are dismissed, without prejudice, to allow him to seek authorization from the Fourth Circuit to file a successive § 2255 motion. ECF Nos. 297, 321, 322, 323. The court denies Movant's motion for entry of default judgment against the government. ECF No. 324. See Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."); see also United States v. Whetstone, C/A No. 1:09-cr-00216-WSD-1, 2017 WL 34496, at* 2 (N.D. Ga. Jan. 4, 2017) ("Default judgment is never allowed against the United States, unless the claimant produces sufficient evidence to substantiate his claims on the merits, and the remedy is not contemplated in the context of a § 2255 motion."). The court also denies Movant's motion for release for Brady materials. ECF No. 315. See Jones v. Superintendent, 460 F.2d 150-53 (4th Cir. 1972) (indigent litigant must show a particularized need for the documents).

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676,

683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

          /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: March 5, 2018
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**