**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Michael Owen Harriot, ) | |
| ) | |
| Movant, ) | Cr. No. 3:99-341-MBS |
| ) | |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER AND OPINION** |
| ) | |
| Respondent. ) | |

## I. INTRODUCTION AND DISCUSSION

Michael Owen Harriot ("Movant") is a federal inmate currently housed at FCI-Estill in Estill, South Carolina. Movant was arrested on a federal complaint on July 26, 1999, and thereafter indicted. A superseding indictment was filed on August 18, 1999 and a second superseding indictment on September 22, 1999. ECF Nos. 11, 29. A third superseding indictment was filed on July 19, 2000, charging Movant with conspiracy to possess with intent to distribute marijuana, cocaine, and cocaine base and distribution of marijuana, cocaine, and cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), § 846, and § 851 (Count 1); knowingly and intentionally using a person under 18 years of age for the purposes of distributing marijuana, cocaine, and cocaine base in violation of 21 U.S.C §§ 841(a)(1) and 861(a)(1) (Count 2); and being an alien in the United States after having been excluded, deported, and removed therefrom and not having the express consent of the Attorney General to reapply for admission to the United States in violation of 18 U.S.C. § 1326(a) (Count 3). ECF No. 112. On December 1, 2000, Movant was found guilty by a jury of all three Counts. ECF No. 158. Movant was sentenced by the Honorable Dennis W.

1

Shedd to life imprisonment on May 1, 2001. ECF No. 189.  The Court of Appeals for the Fourth Circuit affirmed Movant's sentence and conviction on May 30, 2002. ECF No. 217.

On October 16, 2003, Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. See 3:03-cv-03299-MJP. The court denied Movant's motion on September 19, 2005. ECF No. 40.  Movant filed a subsequent motion under 28 U.S.C. § 2255 on August 9, 2013. ECF No. 261. The court denied Movant's motion on April 23, 2014. ECF No. 273. On August 18, 2017, Movant filed a third motion under 28 U.S.C. § 2255. ECF No. 297. On March 5, 2018, the court dismissed that motion as successive, and allowed Movant to seek authorization from the Court of Appeals for the Fourth Circuit to file a subsequent § 2255 motion. ECF No. 325.

This matter is before the court on a motion to set aside judgment pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3) filed by Movant on August 13, 2018. ECF No. 328. Movant argues the original judgment against him should be set aside for fraud on the court and should also be vacated as void for lack of subject matter jurisdiction. ECF No. 328 at 1. Movant asserts that he was arrested without probable cause, and this fact was fraudulently concealed from the court, grand jury, and Movant himself. Id. at 3.

A party may obtain relief from a final judgment when there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).  To prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting his case.  Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). A court must "balance the competing policies favoring the finality of judgments and justice being done in view of all the

2

facts, to determine, within its discretion, whether relief is appropriate in each case." Id. (citing cases).

Movant does not provide a meritorious defense, nor does Movant demonstrate misconduct with clear and convincing evidence or show that misconduct prevented him from fully making his case. Movant's fraud claim is without merit. Movant's current motion repeats the arguments of his October 16, 2003 and January 28, 2018 § 2255 motions. In denying those motions, the court has already found these arguments to be without merit.

Furthermore, motions made under Rule 60 are subject to a one-year time limit. See Fed. R. Civ. P. 60(c)(1)("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). A jury originally returned its verdict in 2000. Movant was sentenced in 2001. The Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence in 2002. Movant's motion is therefore untimely.

On September 17, 2018, Movant filed a motion for an evidentiary hearing. ECF No. 332. On October 4, 2018, Movant filed a second motion for an evidentiary hearing. ECF No. 334. Because Movant is not entitled to relief under Rule 60(b), the court denies these motions as moot.

## II. CONCLUSION

Movant's motion for relief from judgment, ECF No. 328, is **DENIED**. Movant's motions for hearings, ECF Nos. 332 and 334, are **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

Dated: May 23, 2019

Columbia, South Carolina

3