# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Owen Harriot, ) | |
| ) | |
| Movant, ) | Cr. No. 3:99-341-MBS |
| ) | |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER AND OPINION** |
| ) | |
| Respondent. ) | |
| ) | |

## I. INTRODUCTION AND DISCUSSION

Michael Owen Harriot ("Movant") is a federal inmate currently housed at FCI-Estill in Estill, South Carolina. On December 1, 2000, a jury found Movant guilty of conspiracy to possess with intent to distribute marijuana, cocaine, and cocaine base and distribution of marijuana, cocaine, and cocaine base in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), § 846, and § 851 (Count 1); knowingly and intentionally using a person under 18 years of age for the purposes of distributing marijuana, cocaine, and cocaine base in violation of 21 U.S.C §§ 841(a)(1) and 861(a)(1) (Count 2); and being an alien in the United States after having been excluded, deported, and removed therefrom and not having the express consent of the Attorney General to reapply for admission to the United States in violation of 18 U.S.C. § 1326(a) (Count 3). ECF No. 158. The Honorable Dennis W. Shedd sentenced Movant to life imprisonment on May 1, 2001. ECF No. 189. The Court of Appeals for the Fourth Circuit affirmed Movant's sentence and conviction on May 30, 2002. ECF No. 217.

Movant filed a motion to set aside judgment pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3) on August 13, 2018. ECF No. 328. Movant argued that the original judgment

against him should be set aside for fraud on the court and should also be vacated as void for lack of subject matter jurisdiction. ECF No. 328 at 1. Movant asserts that he was arrested without probable cause, and this fact was fraudulently concealed from the court, grand jury, and Movant himself. Id. at 3. The court denied that motion on May 23, 2019, finding that Movant did not present a meritorious defense, nor did Movant prove fraud with clear and convincing evidence. ECF No. 341.

This matter is before the court on a motion that Movant has titled as a "Motion for Reconsideration" made pursuant to Fed. R. Civ. P. 60(b)(3), filed by Movant on June 3, 2019. ECF No. 343.[1] Movant argues that the court "overlooked and failed to investigate Movant's vacate of a judgment that is void for a lack of subject matter jurisdiction. . . ." Id. at 1 (errors in original).

Fed. R. Civ. P. 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Accordingly, "the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Pac. Ins. Co., 148 F.3d at 403 (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). A party moving pursuant to Rule 59 must demonstrate more than "mere disagreement"

---

[1] Movant states that his motion is made pursuant to Fed. R. Civ. P. 60(b)(3). The court construes this as a motion pursuant to Fed. R. Civ. P. 59(e) to reconsider the court's earlier ruling on Movant's Fed. R. Civ. P. 60(b)(3) motion. ECF No. 341.

with the court's order to succeed on a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Furthermore, "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." Pac. Ins. Co., 143 F.3d at 403; see also 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed. 1998). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id.

Movant has not shown a change in law, nor has Movant presented the court with new evidence. Movant merely repeats the same arguments that he has articulated since his 2003 § 2255 motion, which the court has evaluated. See Michael Harriot v. United States, C/A No. 3:03-cv-3299-MJP, ECF Nos. 2 at 3 and 40 at 3-4.[2] Furthermore, Movant has not demonstrated to the court that there is a clear error of law or that manifest injustice is present. Movant's motion expresses mere disagreement with the court's May 23, 2019 order. Accordingly, Movant's motion to reconsider is without merit.

## II. CONCLUSION

Movant's motion to reconsider, ECF No. 343, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

Dated: June___14___, 2019
Columbia, South Carolina

---

[2] As part of Movant's 2003 § 2255 motion, Movant made an ineffective assistance of counsel claim. Movant asserted that his trial counsel failed to challenge the validity of Movant's arrest; thus, Movant asserts that without an arrest warrant, the court lacked jurisdiction over him. In evaluating Movant's § 2255 motion, the Honorable Matthew J. Perry, Jr. found that Movant's ineffective assistance of counsel claim was without merit. Thus, the court has considered Movant's claims about his arrest, and has deemed these claims to be baseless.