IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:99-341 |
| vs. ) | |
| ) | |
| Michael Harriot, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

On July 19, 2000, a third superseding indictment charged Defendant Michael Harriot with conspiracy to possess with intent to distribute and to distribute 100 kilograms or more of marijuana, 5 kilograms or more of cocaine, and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); use of a person under 18 years of age to aid in the distribution and possession with intent to distribute quantities of marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1) (Count Two); and reentry of an alien after being removed on or about December 29, 1998, without the express consent of the Attorney General, in violation of 8 U.S.C. § 1326(a). Defendant was found guilty on all counts by a jury on December 1, 2000. A special jury verdict provided that the jury found Defendant guilty of at least 100 kilograms or more of marijuana, at least 5 kilograms of more of cocaine, and at least 50 grams or more of cocaine base.

A presentence investigation report ("PSR") was prepared by the United States Probation Office ("USPO") that attributed to Defendant 800 grams of marijuana plus 4,422.60 grams of cocaine base, for a total marijuana equivalent of 89,255 kilograms. Defendant had two criminal history points. He received a two-level increase for being on probation at the time of the offense, plus an additional one-point increase for committing the instant offense within two years following his release from custody on November 29, 1993. Defendant's total criminal history points were 5,

for a criminal history category of III.

The USPO grouped Counts One and Two. Defendant's base offense level was 38. He received a 2-level increase under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon, plus a 4- level increase under U.S.S.G. § 3B1.1(a) for being an organizer, or leader of a criminal activity that involved 5 or more participants; plus a 2-level increase for using persons less than 18 years of age to distribute illegal narcotics. Defendant also received a 2-level increase for obstruction of justice because he attempted to escape from the Lexington, South Carolina, Detention Center on August 3, 1999, while detained for the instant offense. Defendant's adjusted offense level became 48. As to Count Three, Defendant's offense level was 8, plus a 4-level increase because the conviction for which Defendant was deported was for a felony, for an adjusted offense level of 12. After grouping the counts, Defendant's offense level as to all three counts was 48. His sentencing guidelines range for offense level 43 (the highest available range) and a criminal history category of III was life imprisonment.

Defendant's statutory sentence under 21 U.S.C. § 841(b)(1)(A) for Count One was 20 years to life imprisonment because he had a prior drug offense. His maximum statutory sentence under 21 U.S.C. § 861(a)(1) for Count Two was 5 years imprisonment, and statutory maximum sentence under 8 U.S.C. § 1326 for Count Three was 2 years. On April 30, 2001, Defendant was sentenced under the mandatory, pre-Booker[1] sentencing guidelines to incarceration for a period of life, consisting of life as to Count One, 60 months as to Count Two, and 24 months as to Count Three, to be served concurrently, to be followed by a term of supervised release for a term of 10 years, consisting of 10 years as to Count One, 3 years as to Count Two, and 1 year as to Count 3, to be

---

[1] Booker v. United States, 543 U.S. 220, 245 (2005).

served concurrently.  Defendant has been in custody since July 24, 1999.

This matter is before the court on Defendant's motion to reduce sentence under the First Step Act of 2018, which motion was filed by Defendant, proceeding pro se, on June 27, 2019.  On December 4, 2019, the court denied Defendant's motion to reduce sentence on the grounds that 21 U.S.C. § 841(b)(1)(A) still applied to Defendant's cocaine offense, which resulted in a mandatory life sentence.  Defendant filed a motion for reconsideration on December 12, 2019.  On June 17, 2020, the court issued an order in which it noted that Defendant had been convicted of a "covered offense" under the First Step Act, but that the statutory penalties for 5 kilograms or more of cocaine, as found by the jury, had not changed.  Further, the court noted that, even if it were to rely on the drug amount for cocaine base set forth in the PSR, Defendant's guidelines range would remain at life imprisonment.

On December 17, 2020, the Court of Appeals for the Fourth Circuit issued an opinion in which it held the court had correctly determined that Defendant's sentencing range remained life imprisonment but found that the court neglected to consider the factors set forth in <u>United States v. Gravatt</u>, 953 F.3d 258 (4th Cir. 2020), and that the court had not considered that Defendant was sentenced when the sentencing guidelines were mandatory, and they are now advisory.  Thus, the Fourth Circuit remanded for further proceedings.  <u>United States v. Harriot</u>, 831 F. App'x 92 (4th Cir. 2020).

The USPO filed an amended sentence reduction report on January 20, 2021.  Using current calculations, Defendant is attributed 16,596.1 kilograms of marijuana equivalent (4,422.  His base offense level is 34, plus a 2-level increase for possession of a dangerous weapon, a 4-level increase for his role in the offense, a 2-level increase for use of a minor, and a 2-level increase for obstruction

of justice, for a total offense level of 44. A level 43 (the highest available level) and a criminal history category of III yields an unchanged guidelines range of life in prison.

Defendant, through counsel, filed a supplemental motion to reduce sentence on April 20, 2021. Defendant requests that the court impose a reduced sentence in light of the 18 U.S.C. § 3553(a) factors, sentencing guidelines changes, as well as Defendant's post-sentencing rehabilitation. The government filed a response in opposition on August 4, 2021. The government contends that an evaluation of the nature and circumstances of the offense do not weigh in favor of release. Defendant filed a reply on August 12, 2021, asking the court to sentence him to time served, or to apply a 1:1 variance and to give him a determinate sentence of 30 years or less.

## DISCUSSION

The issue presented on remand is whether Defendant's sentence should be reduced because of the § 3553(a) factors and the advisory nature of the current sentencing guidelines. In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases. The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

In this case, Defendant possesses one disciplinary action since his incarceration: using the phone or mail without authority on September 26, 2000. Defendant has submitted a memorandum from D. Shuler, Defendant's case manager, which reads:

> Inmate Harriot, since being incarcerated for 21 years, has received only one incident

> report during his pre-trial hearing, for Abuse of Phone.  During the 21 years, he continues to maintain clear conduct, something that is seldom seen in the BOP and he continues to program and maintains employment. Even with his language barrier, he worked hard to earn his GED during his incarceration.

ECF No. 411-2.

Defendant currently is 53 years old.  He appears to have strong family support, as evidenced by letters he has submitted from Patrice Keller and Perquita Gaulman.  Further, he has taken a number of classes while incarcerated, including a twelve-hour drug abuse education course that he completed on July 16, 2021, and, as noted above, earned his GED while incarcerated.  He also has maintained employment while incarcerated.  These factors militate in favor of a reduction in sentence and indicate a reduced risk for recidivism.

Conversely, as the government notes, Defendant not only was responsible for distributing marijuana, cocaine, and cocaine base, but he used firearms during and in relation to his drug activities and used two boys, aged 14 and 15, to facilitate his drug activities.  The government also reiterates that Defendant earned no reduction for acceptance of responsibility and engaged in obstruction by attempting to escape while detained.  These are serious considerations and, in the court's view, do not support a sentence of time served.

## CONCLUSION

The court has taken into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  The court will vary to apply a 1:1 cocaine/cocaine base ratio, for a total amount of 4,422.6 grams of cocaine (rather than 4,422.6 grams of cocaine base).

Utilizing the drug conversion tables set forth in the 2018 Guidelines Manual, as modified by Amendment 750, Defendant is attributed a marijuana equivalent of 1,687.52 kilograms (4,422.6 grams of cocaine x 200 grams equals 884,520 grams, or 884.52 kilograms of marijuana; plus 803 kilograms of marijuana). Defendant's base offense level becomes 30, plus a 2-level increase for possessing a dangerous weapon, plus a 4- level increase for being an organizer or leader, plus a 2-level increase for using persons less than 18 years of age to distribute illegal narcotics, plus a 2-level increase for obstruction, for an adjusted base offense level of 40. With a criminal history category of III, Defendant's guidelines range is 360 months to life imprisonment.

The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 360 months as to Count One, 60 months as to Count Two, and 24 months as to Count Three, to be served concurrently, to be followed by a term of supervised release for 8 years as to Count One, pursuant to 21 U.S.C. § 841(b)(1)(A); 3 years as to Count Two; and 1 year as to Count Three, to be served concurrently. All other provisions of the judgment entered May 1, 2001, remain in effect.[2]

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
October 5, 2021

---

[2] The court is aware that Defendant's prior drug conviction does not meet the definition of "serious drug felony" used in the current version of § 841(b)(1)(A) because Defendant served less than one year and one month of his prior drug sentence. Given the nature of the offense, in particularly the use of minors, the court is not inclined to further reduce Defendant's guidelines sentence.